Fee Not Paid                                                                                        18

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**ARSHON HARPER, individually and
on behalf of all others similarly situated,**          ]
                                                       ]
                                                       ]
**Plaintiff,**                                         ]
                                                       ]
**v.**                                                 ]
                                                       ]
**SIRIUS XM RADIO, LLC,**                              ]
                                                       ]
**Defendant.**                                         ]

Case: 2:25-cv-12403
Assigned To : Berg, Terrence G.
Referral Judge: Patti, Anthony P.
Assign. Date : 8/4/2025
Description: CMP ARSHON
HARPER V. SIRIUS XM RADIO
LLC (JB)

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

### INTRODUCTION

This is a class action lawsuit brought by Plaintiff Arshon Harper, an African-American male, on behalf of himself and a class of similarly situated African-American applicants, alleging systemic employment discrimination by Defendant Sirius XM Radio, LLC ("Sirius XM") in its hiring practices. Specifically, Sirius XM utilizes algorithmic decision-making tools, including artificial intelligence ("AI") and machine learning ("ML") provided by third- party vendor iCIMS, to screen and reject job applicants in a manner that intentionally and disproportionately disqualifies African-Americans from securing employment.

Sirius XM is a leading provider of satellite radio and streaming services across North America, employing thousands in roles such as IT Desktop Support, Software Engineering, Finance Analyst, and Music Programming. As a large employer, Sirius XM processes a high volume of applications and relies on iCIMS's Applicant Tracking System (ATS) and associated AI/ML tools to manage hiring workflows. Upon information and belief, Sirius XM's use of iCIMS's AI/ML tools, including can- didate matching and shortlisting features, evaluates applicants based on data points (e.g., educational institutions, employment history, zip codes) that proxy for race, resulting in

intentional discrimination (disparate treatment) on African-American applicants. These tools disproportionately reject qualified African-American candidates compared to similarly situated non-African-American candidates. All applicants using Sirius XM's iCIMS-powered platform since January 27, 2024 have been subject to these discriminatory practices during the Class Period. Plaintiff and the proposed Class face high rejection rates, discouraging employment pursuits and causing financial harm, humiliation, and distress.

Plaintiff seeks damages, declaratory relief, and injunctive relief for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"), to address systemic race discrimination and ensure equitable hiring practices.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(3), and (4), 2201 and 2202, 42 U.S.C. 2000d-2 and 2000e5(f).

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred here, including Plaintiff's applications and rejections via Sirius XM's iCIMS platform, and Sirius XM conducts business in this District.

3. Plaintiff has satisfied all administrative prerequisites for his Title VII claims. On November 22, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination by Sirius XM.

4. The EEOC issued a Notice of Right to Sue on May 6, 2025, and Plaintiff is filing this Complaint within 90-days of receipt of his Notice of Right to Sue. Plaintiff's claims pursuant to 42 U.S.C. § 1981 do not require administrative exhaustion.

2

## **PARTIES**

5.      Plaintiff Arshon Harper is an African-American male residing in Detroit, Michigan.

6.      He earned a Bachelor of Science in Business Administration from Wayne State University in 2019.

7.      Plaintiff is a results-driven IT professional with over a decade of experience in technical support, network engineering, data analysis, and customer service.

8.      His professional background includes:

a.      Serving as an IT Support Specialist (Tier 2) at Wayne State University's Computing & Information Technology (C&IT) Network Engineering department from March 2018 to May 2021, where he activated VOIP accounts and phones, managed billing and installations, configured MAC changes in telecommunications systems, provided Tier 2 technical support to 4,500 employees, monitored network traffic using SolarWinds, reduced issue resolution time by 35% via Cherwell ticket management, troubleshooted LAN/WAN, Telephony, and Video infrastructure, configured VLANs on Cisco/Dell switches, identified solutions for hardware and software issues, coordinated voice and data network installations, trained colleagues on Wi-Fi tools like Ekahau, updated self-service tools, and planned hardware and operating system installations while managing network access rights.

b.      Working as a Transportation Passenger Data Collector at the Detroit Department of Transportation from August 2008 to present, where he leads data reporting for the Strategic Planning and Scheduling Division, executes point checks for ridership data, administers public surveys, verifies automatic passenger counting data, conducts in-depth data analysis for accurate passenger counts, and enhances customer experience through proactive communication.

3

c.      Acting as a Promotion Coordinator (Part-time) at Audacy Inc. Radio from October 2015 to April 2020, where he managed on-site appearances and live broadcasts, coordinated promotional activities and contests, handled administrative paperwork, engaged listeners for positive audience interaction, managed client relationships, and performed office administrative functions.

9.      Plaintiff also possesses a robust set of programming and technical skills, including proficiency in Microsoft Excel, Word, Outlook, PowerPoint, Tableau, Network KPI analysis; Windows Server 2008/2012/Online, Windows TCP/IP networking, Fiber (Lit and Dark); PC, Peripheral Devices, Printers, Android, iOS, Windows 7-11, Google Workspace, O365, MS Teams, Cisco, IPV4, IPV6, dark and lit fiber, LTE/5G, SolarWinds, Mitel/AT&T VOIP, T1, T3, and microwave radio; and Fluke (Network Connection Tester).

10.      These skills, combined with his education and professional experience, make him highly qualified for IT, software engineering, and technical support roles.

11.      Since November 2023, Harper has applied for approximately 150 positions with Sirius XM, including IT Desktop Support, Software Engineer, and Technical Support Specialist, for which he was minimally qualified or over-qualified based on his education and professional experience in IT and business administration.

12.      Defendant Sirius XM Radio, LLC is a Delaware corporation headquartered in New York, New York, with operations nationwide, including Michigan. Sirius XM is an "employer" under Title VII, 42 U.S.C. § 2000e(b), as it employs fifteen or more employees and is engaged in an industry affecting commerce.

13.      Sirius XM utilizes iCIMS to manage certain aspects of its hiring process, delegating significant aspects of applicant screening and selection to iCIMS's ATS and AI/ML

4

tools.

## **FACTUAL ALLEGATIONS**

14.     Since November 2023, Plaintiff applied for approximately 150 positions with Sirius XM via its iCIMS platform, with the most recent application on November 21, 2024. These included roles such as:

a.      IT Desktop Support (requiring a bachelor's degree and 1-3 years of IT experience, met by Plaintiff's degree and prior IT support roles);

b.      Software Engineer (requiring proficiency in relevant programming languages, aligned with Plaintiff's coursework and certifications);

c.      Technical Support Specialist (requiring customer service and technical skills, consistent with Plaintiff's experience).

15.     Plaintiff met or exceeded qualifications for most positions based on his degree, IT certifications, and professional experience.

16.     Despite his qualifications, Plaintiff was rejected for all but one position, where he received a 30-minute interview for an IT Desktop Support role in late 2023.

17.     During this process, a Sirius XM official questioned his use of multiple email addresses.

18.     Plaintiff explained this was an attempt to circumvent suspected algorithmic penalties for repeat applications, which resulted in his only interview.

19.     He was rejected post-interview despite meeting the role's qualifications.

20.     Upon information and belief, Sirius XM, by and through iCIMS's platform, utilizes AI/ML tools, including candidate matching, shortlisting, and sourcing features, to screen

applications based on data points correlated with race (e.g., educational institutions, employment history, zip codes).

21. These tools are used to intentionally and disproportionately reject African-American applicants, as evidenced by Plaintiff's 99.3% rejection rate (149/150 applications) despite qualifications.

22. iCIMS markets AI-powered recruiting tools, including candidate matching and automated shortlisting, which analyze resumes and application data to rank or filter candidates.[1]

23. Publicly available information indicates iCIMS offers AI features for "smarter sourcing" and candidate evaluation, integrated into its ATS (iCIMS, "Complete Guide to Using AI in Recruiting," 2025).

24. Like most applicant tracking systems, iCIMS uses a technology known as resume parsing to read and analyze a resume.

25. When an applicant submits a resume, the iCIMS ATS scans it and extracts information. That information includes the applicant's name, contact information, skills, work history, education, and other details.

26. iCIMS also creates a list of skills the candidate has. This list is not based on a skills list you might have on your resume.

27. The ATS automatically generates this list based on the full text of your resume. This is important for when recruiters are searching for candidates.

28. Upon information and belief, Sirius XM utilizes these features, which are not job-related and lack business necessity, causing disparate impact and intentional discrimination.

---

[1] https://community.icims.com/s/article/Understanding-iCIMS-Talent-Cloud-AI

29.     The EEOC's Strategic Enforcement Plan for 2024-2028 highlights risks of AI in hiring, noting that such tools can perpetuate bias if trained on data reflecting historical inequities.

30.     Plaintiff's 150 rejections align with this pattern as Sirius XM requires applicants to submit personal and professional data to iCIMS's platform.

31.     Plaintiff and the Class have suffered economic harm (lost wages, benefits) and non-economic harm (humiliation, distress) due to Sirius XM's discriminatory practices.

## CLASS ALLEGATIONS

32.     Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a) and (b)(2) and/or (b)(3) on behalf of:

a.      All African-American individuals who applied for employment with Sirius XM via its iCIMS platform since January 27, 2024 and were rejected or screened out.

33.     The Class is so numerous that joinder is impracticable. Sirius XM receives thousands of applications annually, with a significant portion from African-American applicants affected by the challenged practices.

34.     Common questions of law and fact predominate, including:

a.      Whether Sirius XM's use of iCIMS's AI/ML tools discriminates on the basis of race in violation of Title VII and Section 1981;

b.      Whether these tools are job-related and consistent with business necessity;

c.      Whether they cause disparate impact or intentional discrimination;

d.      The appropriate scope of injunctive and monetary relief.

35.     Plaintiff's claims are typical of the Class, as he was subjected to the same discriminatory practice, Siriux Xm's use of algorithmic decision-making tools and suffered similar

7

harms (rejection, economic loss, distress).

36.     Plaintiff will fairly and adequately represent the Class, with no conflicts of interest.

37.     His counsel are experienced in employment discrimination class actions and have resources to litigate this case.

38.     Sirius XM has acted on grounds generally applicable to the Class by using iCIMS's discriminatory tools, making injunctive and declaratory relief appropriate.

39.     Common questions predominate, and a class action is superior for efficient adjudication, avoiding repetitive individual suits.

40.     Certification of a class of similarly-situated applicants is the most efficient and economical means of resolving the questions of law and fact that are common to the individual claims of the Plaintiff and the proposed class.

41.     The individual claim of the Plaintiff requires resolution of the common question of whether Defendant has engaged in a systemic pattern of discrimination against African-Americans. The Plaintiff seeks remedies to undo the adverse effects of such discrimination in his own life and career.

42.     The Plaintiff has standing to seek such relief because of the adverse effect that such discrimination has had on him individually and on the putative classes he seeks to represent, in general. In order to gain such relief for himself, as well as for the putative class members, the Plaintiff will first establish the existence of systemic discrimination as the premise of the relief he seeks. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

43.     Certification of any subclasses affected by the common questions of law and fact is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for the Plaintiff, the class and the Defendant.

44.     The Plaintiff's individual and class claims are premised upon the traditional bifurcated method of proof and trial for systemic disparate treatment claims of the type at issue in this complaint. Such a bifurcated method of proof and trial is the most efficient method of resolving such common issues.

45.     Alternatively, claims for injunctive and declaratory relief for the Injunctive Relief Class are properly certified under Federal Rule of Civil Procedure 23(c)(4) because such claims present only common issues, the resolution of which would advance the interests of the parties in an efficient manner.

46.     Alternatively, class wide liability claims are properly certified under Federal Rule of Civil Procedure 23(c)(4) for the Classes because such claims present only common issues, the resolution of which would advance the interests of the parties in an efficient manner.

## CAUSES OF ACTION

### COUNT ONE

**Intentional Employment Discrimination (Disparate Treatment)
in Violation of Title VII, 42 U.S.C. § 2000e-2(a)**

47.     Plaintiff incorporates all foregoing paragraphs.

48.     Sirius XM, as an employer, intentionally discriminated against Plaintiff and the Class by using iCIMS's AI/ML tools that proxy for race to screen out African-American applicants, with race as a motivating factor.

9

49.     This violates Title VII's prohibition on disparate treatment.

50.     Plaintiff and the Class suffered damages, including lost wages, benefits, and emotional distress.

## COUNT TWO

### Disparate Impact Discrimination in Violation of Title VII
### 42 U.S.C. § 2000e-2(k)

51.     Plaintiff incorporates all foregoing paragraphs.

52.     Sirius XM's use of iCIMS's AI/ML tools, though facially neutral, disproportionately excludes African-American applicants from employment opportunities.

53.     These tools are not job-related or justified by business necessity, and less discriminatory alternatives exist.

54.     This violates Title VII's disparate impact provision.

55.     Plaintiff and the Class suffered damages, including lost wages, benefits, and emotional distress.

## COUNT THREE

### Intentional Employment Discrimination in Violation of
### 42 U.S.C. § 1981

56.     Plaintiff incorporates all foregoing paragraphs.

57.     Sirius XM intentionally discriminated against Plaintiff and the Class on the basis of race by denying them the right to make and enforce employment contracts, including through the use of iCIMS's AI/ML tools that proxy for race and screen out African-American applicants.

58.     This violates Section 1981's prohibition on race discrimination in the making and enforcement of contracts.

10

59.     Plaintiff and the Class suffered damages, including lost wages, benefits, emotional distress, and punitive damages where appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, requests:

A.     Certification of the Class under Fed. R. Civ. P. 23;

B.     A declaration that Sirius XM's practices violate Title VII and Section 1981;

C.     A permanent injunction prohibiting continued discrimination and requiring reforms to ensure equitable hiring;

D.     Backpay, front pay, compensatory damages, and punitive damages;

E.     Attorneys' fees, costs, and expenses;

F.     Such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 4, 2025

Respectfully submitted,

*Ayshon Harper*

7356 Warwick St
Detroit, MI 48228

11

**OF COUNSEL:**
Lee D. Winston
lwinston@winstoncooks.com
Roderick T. Cooks
rcooks@winstoncooks.com
Winston Cooks, LLC
420 20th Street North, Suite 2200
Birmingham, AL 35203
Telephone: (205) 502-0970
Facsimile: (205) 278-5876

**DEFENDANT'S ADDRESS:**
SIRIUS XM RADIO LLC
c/o C T CORPORATION SYSTEM
40600 Ann Arbor, Road E., Suite. 201
Plymouth, MI 48170



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Newark Area Office
283-299 Market St, Suite 1703
Newark, NJ 07102
(862) 338-9410
Website: www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/06/2025

**To:** Arshon Harper
7356 Warwick Street
Detroit, MI 48228
Charge No: 520-2025-01266

EEOC Representative and email:    NICOLE ZAMUDIO
Investigator
nicole.zamudio@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

# Nicole Zamudio
Digitally signed by
Nicole Zamudio
Date: 2025.05.06
15:22:53 -04'00'

For,_____
John Waldinger
Area Office Director

**Cc:**
Eliza Kaiser
Kramer Levin Naftalis & Frankel LLP
1177 6TH AVE FL 24
New York, NY 10036

Ravi Motwani
1221 AVENUE OF THE AMERICAS FL 37
New York, NY 10020

Roderick T Cooks Esq.
420 20th Street North Suite 2200
Birmingham, AL 35203


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 520-2025-01266 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Arlean Nieto, 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 520-2025-01266 to the District Director at Arlean Nieto, 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

**Cc:**
Eliza Kaiser
Kramer Levin Naftalis & Frankel LLP
1177 6TH AVE FL 24
New York, NY 10036

Ravi Motwani
1221 AVENUE OF THE AMERICAS FL 37
New York, NY 10020

Roderick T Cooks Esq.
420 20th Street North Suite 2200
Birmingham, AL 35203


Please retain this notice for your records.

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS Arshon Harper | DEFENDANTS Sirius XM Radio, LLC |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff **Wayne**<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Winston Cooks, LLC; 420 20th Street N., Ste. 2200; Birmingham, AL 35203; (205) 482-5174 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☒ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Sec. 1981

Brief description of cause:
Race Discrimination in Hiring

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
08/04/2025

SIGNATURE OF ATTORNEY OF RECORD
/s/ *Roderick T. Cooks*

FOR OFFICE USE ONLY