**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ARSHON HARPER, individually and
on behalf of all others similarly
situated,

V.

SIRIUS XM RADIO, LLC,

      Defendant.

CASE NO. 2:25-cv-12403-TGB-APP
HON. Terrence G. Berg
Magistrate Anthony P. Patti

---

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant SIRIUS XM RADIO[1], LLC ("Defendant" or "Sirius XM"),

through its undersigned counsel, answers Plaintiff's Complaint as follows:

### INTRODUCTION

This is a class action lawsuit brought by Plaintiff Arshon Harper, an African-

American male, on behalf of himself and a class of similarly situated African-

American applicants, alleging systemic employment discrimination by Defendant

Sirius XM Radio, LLC ("Sirius XM") in its hiring practices. Specifically, Sirius XM

utilizes algorithmic decision-making tools, including artificial intelligence ("AI")

and machine learning ("ML") provided by third- party vendor iCIMS, to screen and

---

Defendant's correct name is Sirius XM Radio LLC, such that the entity name does not have a comma between "Radio" and "LLC." [1]

reject job applicants in a manner that intentionally and disproportionately disqualifies African-Americans from securing employment.

Sirius XM is a leading provider of satellite radio and streaming services across North America, employing thousands in roles such as IT Desktop Support, Software Engineering, Finance Analyst, and Music Programming. As a large employer, Sirius XM processes a high volume of applications and relies on iCIMS's Applicant Tracking System (ATS) and associated AI/ML tools to manage hiring workflows. Upon information and belief, Sirius XM's use of iCIMS's AI/ML tools, including candidate matching and shortlisting features, evaluates applicants based on data points (e.g., educational institutions, employment history, zip codes) that proxy for race, resulting in intentional discrimination (disparate treatment) on African-American applicants. These tools disproportionately reject qualified African-American candidates compared to similarly situated non-African-American candidates. All applicants using Sirius XM's iCIMS-powered platform since January 27, 2024 have been subject to these discriminatory practices during the Class Period. Plaintiff and the proposed Class face high rejection rates, discouraging employment pursuits and causing financial harm, humiliation, and distress.

Plaintiff seeks damages, declaratory relief, and injunctive relief for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"), to address systemic race

2

discrimination and ensure equitable hiring practices.

**ANSWER: Defendant Sirius XM denies the allegations that it engages in systemic employment discrimination through the use of algorithmic decision-making tools, including artificial intelligence ("AI") and machine learning ("ML"), in its hiring practices. Sirius XM does not utilize any AI or ML-based screening tools—whether provided by iCIMS or any other vendor—to evaluate or reject job applicants. Rather, Sirius XM's Talent Acquisition team manually reviews each application submitted through its Applicant Tracking System (ATS), which is used solely to store and organize candidate information. Applications are reviewed in chronological order based on submission time, without filtering or automated decision-making. Accordingly, Plaintiff's claims of disparate treatment and impact based on alleged AI-driven discrimination are factually inaccurate, legally unsupported, and fail to state a plausible claim under Title VII or 42 U.S.C. § 1981.**

**JURISDICTION AND VENUE**

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(3), and (4), 2201 and 2202, 42 U.S.C. 2000d-2 and 2000e5(f).

**ANSWER: Defendant admis only that Plaintiff has filed a Complaint with allegations that fall within this Court's jurisdiction, but denies that it violated any laws with respect to Plaintiff or that Plaintiff is entitled to any relief**

3

**whatsoever.**

2.      Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred here, including Plaintiff's applications and rejections via Sirius XM's iCIMS platform, and Sirius XM conducts business in this District.

**ANSWER: Defendant neither admits nor denies the allegations about venue contained in this paragraph as they call for legal conclusions for which no answer is required. All other allegations are denied.**

3.      Plaintiff has satisfied all administrative prerequisites for his Title VII claims. On November 22, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination by Sirius XM.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph as they call for legal conclusions for which no answer is required.**

4.      The EEOC issued a Notice of Right to Sue on May 6, 2025, and Plaintiff is filing this Complaint within 90-days of receipt of his Notice of Right to Sue. Plaintiff's claims pursuant to 42 U.S.C. § 1981 do not require administrative exhaustion.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph as they call for legal conclusions for which no answer is required.**

4

## PARTIES

5.      Plaintiff Arshon Harper is an African-American male residing in Detroit, Michigan.

**ANSWER: Defendant neither admits nor denies the allegations contained in Paragraph 5 as it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leaves Plaintiff to his proofs.**

6.      He earned a Bachelor of Science in Business Administration from Wayne State University in 2019.

**ANSWER: Defendant neither admits nor denies the allegations contained in Paragraph 6 as it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leaves Plaintiff to his proofs.**

7.      Plaintiff is a results-driven IT professional with over a decade of experience in technical support, network engineering, data analysis, and customer service.

**ANSWER: Defendant neither admits nor denies the allegations contained in Paragraph 7 as it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leaves Plaintiff to his proofs.**

8.      His professional background includes:

a.      Serving as an IT Support Specialist (Tier 2) at Wayne State University's Computing & Information Technology (C&IT) Network Engineering department

5

from March 2018 to May 2021, where he activated VOIP accounts and phones, managed billing and installations, configured MAC changes in telecommunications systems, provided Tier 2 technical support to 4,500 employees, monitored network traffic using SolarWinds, reduced issue resolution time by 35% via Cherwell ticket management, troubleshooted LAN/WAN, Telephony, and Video infrastructure, configured VLANs on Cisco/Dell switches, identified solutions for hardware and software issues, coordinated voice and data network installations, trained colleagues on Wi-Fi tools like Ekahau, updated self-service tools, and planned hardware and operating system installations while managing network access rights.

b. Working as a Transportation Passenger Data Collector at the Detroit Department of Transportation from August 2008 to present, where he leads data reporting for the Strategic Planning and Scheduling Division, executes point checks for ridership data, administers public surveys, verifies automatic passenger counting data, conducts in-depth data analysis for accurate passenger counts, and enhances customer experience through proactive communication.

c. Acting as a Promotion Coordinator (Part-time) at Audacy Inc. Radio from October 2015 to April 2020, where he managed on-site appearances and live broadcasts, coordinated promotional activities and contests, handled administrative paperwork, engaged listeners for positive audience interaction, managed client relationships, and performed office administrative functions.

**ANSWER: Defendant neither admits nor denies the allegations contained in Paragraph 8 as it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leaves Plaintiff to his proofs.**

9.     Plaintiff also possesses a robust set of programming and technical skills, including proficiency in Microsoft Excel, Word, Outlook, PowerPoint, Tableau, Network KPI analysis; Windows Server 2008/2012/Online, Windows TCP/IP networking, Fiber (Lit and Dark); PC, Peripheral Devices, Printers, Android, iOS, Windows 7-11, Google Workspace, O365, MS Teams, Cisco, IPV4, IPV6, dark and lit fiber, LTE/5G, SolarWinds, Mitel/AT&T VOIP, T1, T3, and microwave radio; and Fluke (Network Connection Tester).

**ANSWER: Defendant neither admits nor denies the allegations contained in Paragraph 9 as it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leaves Plaintiff to his proofs.**

10.    These skills, combined with his education and professional experience, make him highly qualified for IT, software engineering, and technical support roles.

**ANSWER: Defendant neither admits nor denies the allegations contained in Paragraph 10 as it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leaves Plaintiff to his proofs.**

11.    Since November 2023, Harper has applied for approximately 150

positions with Sirius XM, including IT Desktop Support, Software Engineer, and Technical Support Specialist, for which he was minimally qualified or over-qualified based on his education and professional experience in IT and business administration.

**ANSWER: Defendant admits only that Harper has applied for more than 150 positions since November 2023 but denies all remaining allegations in Paragraph 11.**

12. Defendant Sirius XM Radio, LLC is a Delaware corporation headquartered in New York, New York, with operations nationwide, including Michigan. Sirius XM is an "employer" under Title VII, 42 U.S.C. § 2000e(b), as it employs fifteen or more employees and is engaged in an industry affecting commerce.

**ANSWER: Defendant admits only that that it employs 15 or more people but neither admits nor denies the remaining allegations contained in Paragraph 12 as they call for legal conclusions for which no answer is required.**

13. Sirius XM utilizes iCIMS to manage certain aspects of its hiring process, delegating significant aspects of applicant screening and selection to iCIMS's ATS and AI/ML tools.

**ANSWER: Defendant admits only that it has used iCIMS programs to track certain aspects of its hiring process. Defendant denies that it delegates**

8

**significant aspects of applicant screening and selection to iCIMS's ATS and AI/ML tools, and further denies that it uses any ATS or AI/ML tools in its hiring process in any manner whatsoever, whether from iCIMS or any other vendor.**

## FACTUAL ALLEGATIONS

14.     Since November 2023, Plaintiff applied for approximately 150 positions with Sirius XM via its iCIMS platform, with the most recent application on November 21, 2024. These included roles such as:

a.      IT Desktop Support (requiring a bachelor's degree and 1-3 years of IT experience, met by Plaintiff's degree and prior IT support roles);

b.      Software Engineer (requiring proficiency in relevant programming languages, aligned with Plaintiff's coursework and certifications);

c.      Technical Support Specialist (requiring customer service and technical skills, consistent with Plaintiff's experience).

**ANSWER: Defendant admits only that Plaintiff has applied for more than 150 positions for Sirius XM. Defendant denies all remaining allegations in Paragraph 14.**

15.     Plaintiff met or exceeded qualifications for most positions based on his degree, IT certifications, and professional experience.

**ANSWER: Defendant neither admits nor denies the allegations contained in Paragraph 15 as it is without knowledge or information sufficient to form a**

9

belief as to the truth of the allegations, and therefore leaves Plaintiff to his proofs.

16.   Despite his qualifications, Plaintiff was rejected for all but one position, where he received a 30-minute interview for an IT Desktop Support role in late 2023.

**ANSWER: Defendant denies the allegations contained in Paragraph 16.**

17.   During this process, a Sirius XM official questioned his use of multiple email addresses.

**ANSWER: Defendant admits the allegations in Paragraph 17 and clarifies that the Sirius XM staff member was not an officer of the organization.**

18.   Plaintiff explained this was an attempt to circumvent suspected algorithmic penalties for repeat applications, which resulted in his only interview.

**ANSWER: Defendant denies the allegations contained in Paragraph 18.**

19.   He was rejected post-interview despite meeting the role's qualifications.

**ANSWER: Defendant admits only that Plaintiff was not hired for a position for which he was offered an interview but denies Plaintiff attended the interview. Further, Plaintiff failed to reschedule his missed interview. Defendant denies all remaining allegations contained in Paragraph 19.**

20.   Upon information and belief, Sirius XM, by and through iCIMS's platform, utilizes AI/ML tools, including candidate matching, shortlisting, and sourcing features, to screen  applications based on data points correlated with race

(e.g., educational institutions, employment history, zip codes).

**ANSWER: Defendant denies the allegations contained in Paragraph 20.**

21. These tools are used to intentionally and disproportionately reject African-American applicants, as evidenced by Plaintiff's 99.3% rejection rate (149/150 applications) despite qualifications.

**ANSWER: Defendant denies the allegations contained in Paragraph 21.**

22. iCIMS markets AI-powered recruiting tools, including candidate matching and automated shortlisting, which analyze resumes and application data to rank or filter candidates.

**ANSWER: Defendant neither admits nor denies the allegations contained in Paragraph 22 as it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leaves Plaintiff to his proofs.**

23. Publicly available information indicates iCIMS offers AI features for "smarter sourcing" and candidate evaluation, integrated into its ATS (iCIMS, "Complete Guide to Using AI in Recruiting," 2025).

**ANSWER: Defendant neither admits nor denies the allegations contained in Paragraph 23 as it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leaves Plaintiff to his proofs.**

24.     Like most applicant tracking systems, iCIMS uses a technology known as resume parsing to read and analyze a resume.

**ANSWER: Defendant neither admits nor denies the allegations contained in Paragraph 24 as it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leaves Plaintiff to his proofs.**

25.     When an applicant submits a resume, the iCIMS ATS scans it and extracts information. That information includes the applicant's name, contact information, skills, work history, education, and other details.

**ANSWER: Defendant neither admits nor denies the allegations contained in Paragraph 25 as it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leaves Plaintiff to his proofs.**

26.     iCIMS also creates a list of skills the candidate has. This list is not based on a skills list you might have on your resume.

**ANSWER: Defendant neither admits nor denies the allegations contained in Paragraph 26 as it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leaves Plaintiff to his proofs.**

27.     The ATS automatically generates this list based on the full text of your

resume. This is important for when recruiters are searching for candidates.

**ANSWER: Defendant neither admits nor denies the allegations contained in Paragraph 27 as it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leaves Plaintiff to his proofs.**

28.     Upon information and belief, Sirius XM utilizes these features, which are not job-related and lack business necessity, causing disparate impact and intentional discrimination.

**ANSWER: Defendant denies the allegations in Paragraph 28.**

29.     The EEOC's Strategic Enforcement Plan for 2024-2028 highlights risks of AI in hiring, noting that such tools can perpetuate bias if trained on data reflecting historical inequities.

**ANSWER: Defendant neither admits nor denies the allegations contained in Paragraph 29 as it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leaves Plaintiff to his proofs.**

30.     Plaintiff's 150 rejections align with this pattern as Sirius XM requires applicants to submit personal and professional data to iCIMS's platform.

**ANSWER: Defendant denies the allegations contained in Paragraph 30.**

31.     Plaintiff and the Class have suffered economic harm (lost wages,

benefits) and non- economic harm (humiliation, distress) due to Sirius XM's discriminatory practices.

**ANSWER: Defendant denies the allegations contained in Paragraph 31.**

### CLASS ALLEGATIONS

32.     Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a) and (b)(2) and/or (b)(3) on behalf of:

   a.    All African-American individuals who applied for employment with Sirius XM via its iCIMS platform since January 27, 2024 and were rejected or screened out.

**ANSWER: Defendant admits that Plaintiff seeks to plead a class which he has defined as set forth in Paragraph 32 of the Complaint but denies that said class is a properly defined class or that class treatment is proper.**

33.     The Class is so numerous that joinder is impracticable. Sirius XM receives thousands of applications annually, with a significant portion from African-American applicants affected by the challenged practices.

**ANSWER: Defendant denies the allegations contained in Paragraph 33.**

34.     Common questions of law and fact predominate, including:

   a.    Whether Sirius XM's use of iCIMS's AI/ML tools discriminates on the basis of race in violation of Title VII and Section 1981;

   b.    Whether these tools are job-related and consistent with business necessity;

14

c.     Whether they cause disparate impact or intentional discrimination;

d.     The appropriate scope of injunctive and monetary relief.

**ANSWER: Defendant denies the allegations contained in Paragraph 34.**

35.     Plaintiff's claims are typical of the Class, as he was subjected to the same discriminatory practice, Sirius XM's use of algorithmic decision-making tools and suffered similar harms (rejection, economic loss, distress).

**ANSWER: Defendant denies the allegations contained in Paragraph 35.**

36.     Plaintiff will fairly and adequately represent the Class, with no conflicts of interest.

**ANSWER: Defendant denies the allegations contained in Paragraph 36.**

37.     His counsel are experienced in employment discrimination class actions and have resources to litigate this case.

**ANSWER: Defendant neither admits nor denies the allegations contained in Paragraph 37 as it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leaves Plaintiff to his proofs.**

38.     Sirius XM has acted on grounds generally applicable to the Class by using iCIMS's discriminatory tools, making injunctive and declaratory relief appropriate.

**ANSWER: Defendant denies the allegations contained in Paragraph 38.**

15

39. Common questions predominate, and a class action is superior for efficient adjudication, avoiding repetitive individual suits.

**ANSWER: Defendant denies the allegations contained in Paragraph 39.**

40. Certification of a class of similarly-situated applicants is the most efficient and economical means of resolving the questions of law and fact that are common to the individual claims of the Plaintiff and the proposed class.

**ANSWER: Defendant denies the allegations contained in Paragraph 40.**

41. The individual claim of the Plaintiff requires resolution of the common question of whether Defendant has engaged in a systemic pattern of discrimination against African-Americans. The Plaintiff seeks remedies to undo the adverse effects of such discrimination in his own life and career.

**ANSWER: Defendant denies the allegations contained in Paragraph 41.**

42. The Plaintiff has standing to seek such relief because of the adverse effect that such discrimination has had on him individually and on the putative classes he seeks to represent, in general. In order to gain such relief for himself, as well as for the putative class members, the Plaintiff will first establish the existence of systemic discrimination as the premise of the relief he seeks. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

**ANSWER: Defendant neither admits nor denies the allegations in Paragraph 42 as they call for legal conclusions for which no answer is required. To the extent an answer is required, Defendant denies the allegations.**

43. Certification of any subclasses affected by the common questions of law and fact is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for the Plaintiff, the class and the Defendant.

**ANSWER: Defendant denies the allegations contained in Paragraph 43.**

44. The Plaintiff's individual and class claims are premised upon the traditional bifurcated method of proof and trial for systemic disparate treatment claims of the type at issue in this complaint. Such a bifurcated method of proof and trial is the most efficient method of resolving such common issues.

**ANSWER: Defendant denies the allegations contained in Paragraph 44.**

45. Alternatively, claims for injunctive and declaratory relief for the Injunctive Relief Class are properly certified under Federal Rule of Civil Procedure 23(c)(4) because such claims present only common issues, the resolution of which would advance the interests of the parties in an efficient manner.

**ANSWER: Defendant denies the allegations contained in Paragraph 45.**

46. Alternatively, class wide liability claims are properly certified under Federal Rule of Civil Procedure 23(c)(4) for the Classes because such claims present

only common issues, the resolution of which would advance the interests of the parties in an efficient manner.

**ANSWER: Defendant denies the allegations contained in Paragraph 46.**

**CAUSES OF ACTION**
**COUNT ONE**
**Intentional Employment Discrimination (Disparate Treatment) in Violation of Title VII, 42 U.S.C. § 2000e-2(a)**

47.    Plaintiff incorporates all foregoing paragraphs.

**ANSWER: Defendant incorporates by reference its answers to the preceding paragraphs as if fully set forth herein, word-by-word and paragraph-by-paragraph.**

48.    Sirius XM, as an employer, intentionally discriminated against Plaintiff and the Class by using iCIMS's Al/ML tools that proxy for race to screen out African-American applicants, with race as a motivating factor.

**ANSWER: Defendant denies the allegations contained in Paragraph 48.**

49.    This violates Title VII's prohibition on disparate treatment.

**ANSWER: Defendant denies the allegations contained in Paragraph 49.**

50.    Plaintiff and the Class suffered damages, including lost wages, benefits, and emotional distress.

**ANSWER: Defendant denies the allegations contained in Paragraph 50.**

**COUNT TWO**
**Disparate Impact Discrimination in Violation of Title VII**
**42 U.S.C. § 2000e-2(k)**

18

51. Plaintiff incorporates all foregoing paragraphs.

**ANSWER: Defendant incorporates by reference its answers to the preceding paragraphs as if fully set forth herein, word-by-word and paragraph-by-paragraph.**

52. Sirius XM's use of iCIMS's AI/ML tools, though facially neutral, disproportionately excludes African-American applicants from employment opportunities.

**ANSWER: Defendant denies the allegations contained in Paragraph 52. Answering further, Defendant denies using iCIMS AI/ML tool as alleged in Paragraph 52.**

53. These tools are not job-related or justified by business necessity, and less discriminatory alternatives exist.

**ANSWER: Defendant denies the allegations contained in Paragraph 53. Answering further, Defendant denies using iCIMS AI/ML tool as alleged in Paragraph 53.**

54. This violates Title VII's disparate impact provision.

**ANSWER: Defendant denies the allegations contained in Paragraph 54.**

55. Plaintiff and the Class suffered damages, including lost wages, benefits, and emotional distress.

**COUNT THREE**

19

**Intentional Employment Discrimination in Violation of**
**42 U.S.C. § 1981**

56. Plaintiff incorporates all foregoing paragraphs.

**ANSWER: Defendant incorporates by reference its answers to the preceding paragraphs as if fully set forth herein, word-by-word and paragraph-by-paragraph.**

57. Sirius XM intentionally discriminated against Plaintiff and the Class on the basis of race by denying them the right to make and enforce employment contracts, including through the use of iCIMS's AI/ML tools that proxy for race and screen out African-American applicants.

**ANSWER: Defendant denies the allegations contained in Paragraph 57. Answering further, Defendant denies using iCIMS AI/ML tool as alleged in Paragraph 57.**

58. This violates Section 1981's prohibition on race discrimination in the making and enforcement of contracts.

**ANSWER: Defendant denies the allegations contained in Paragraph 58. Answering further, Defendant denies using iCIMS AI/ML tool as alleged in Paragraph 58.**

59. Plaintiff and the Class suffered damages, including lost wages, benefits, emotional distress, and punitive damages where appropriate.

**ANSWER: Defendant denies the allegations contained in Paragraph 59.**

**PRAYER FOR RELIEF/WHEREFORE Paragraph.**

**ANSWER: Defendant denies the following:**

**(a) certification of the class under Fed. R. Civ. P. 23 should be granted;**

**(b) the Court should declare Sirius XM's practices violate Title VII and Section 1981;**

**(c) the Court should issue a permanent injunction prohibiting continued discrimination and requiring reforms to ensure equitable hiring;**

**(d) the Court should award backpay, front pay, compensatory damages, and punitive damages, attorneys' fees, costs, and expenses; or any other relief to Plaintiff.**

**Rather, the Court should deny all such relief, award and award Defendant costs and fees so wrongfully incurred.**

**GENERAL DENIAL, AFFIRMATIVE AND OTHER DEFENSES[2]**

Defendant denies any allegation of fact or law not specifically admitted in its Answer to Plaintiff's Complaint.

For any burden of production or proof as to any of the following defenses where the law does not impose such a burden on Defendant, Defendant asserts the following defenses to Plaintiff's claims:

---

[2] Because this case is pled as a putative class action, some or all of these defenses may apply to some or all putative class members, and as such, when the term "Plaintiff(s)" is used, it refers to the named Plaintiff and all putative class members.

1.      Plaintiff fails, in whole or in part, to state any claim against Defendant upon which relief may be granted.

2.      Plaintiff lacks standing to raise some or all the claims of the putative class members he purports to represent. Plaintiff has not suffered a concrete injury traceable to Sirius XM's conduct, particularly given his indiscriminate application history and failure to attend scheduled interviews.

3.      All actions taken by Defendant with respect to Plaintiff were based on legitimate, good faith, non-discriminatory business reasons, unrelated to any protected characteristics of Plaintiff.

4.      Any employment practices challenged by Plaintiff are job-related and consistent with business necessity.

5.      Plaintiff fails to identity any specific employment practice that caused a disparate impact on African Americans.

6.      Some or all of Plaintiff's alleged injuries are due, in whole or in part, to his own respective actions and, as such, Plaintiff cannot recover, *inter alia* allegedly lost benefits, wages or other relief.

7.      Plaintiff does not have and cannot satisfy the mandatory requirements of Rule 23(a) of the Federal Rules of Civil Procedure. Nor can he meet any of the Rule 23(b) requirements. Specifically, Plaintiff cannot demonstrate commonality, typicality, and adequacy. Nor is a class action superior to other methods available

for adjudicating any controversy.

8.    This case is not appropriate for class action certification because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiff and putative class members.

9.    Plaintiff cannot establish or maintain a class action because it cannot be demonstrated that a class action is superior to other methods available for adjudicating any controversy.

10.    Plaintiff failed to take reasonable steps to reduce his claims, damages and losses, if any, and that said failure to mitigate the damages bars or reduce any claims, damages, or losses.

11.    Plaintiff's class claims are barred due to his failure to exhaust administrative remedies.

12.    Plaintiff's claims for damages are barred, in whole or in part, because any employment actions taken with respect to him were based on reasonable factors other than his race.

13.    Plaintiff's claims for liquidated or punitive damages, if any, are precluded by the Defendant's good faith efforts to comply with federal, state and local anti-discrimination and anti-retaliation laws.

14.    Plaintiff is not entitled to a trial by jury as to any issue of law or fact relating to Plaintiff's alleged entitlement to any form of equitable relief.

15.     Any decision not to hire Plaintiff was based on qualifications, experience, and application conduct—not race or any protected characteristic. Alternatively, in the event that the Court or a jury were to conclude that race was a motivating factor in any employment decisions challenged by Plaintiff, which Defendant expressly denies, Defendant avers that the same decisions would have been made for legitimate business reasons and without consideration of race.

16.     Plaintiff's claims, in whole or in part, are barred by the equitable principles, including but not limited to, waiver, estoppel, laches, release, duress, avoidable consequences, the after-acquired evidence and/or the unclean hands doctrines.

17.     Plaintiff's claims should be dismissed to the extent that they were not asserted in a duly filed administrative charge of discrimination or to the extent Plaintiff's claims exceed the scope of their respective administrative charges filed with the EEOC or otherwise fail to satisfy all the conditions precedent to filing suit under Title VII.

18.     Plaintiff's disparate treatment claims fail, in whole or in part, because Plaintiff cannot show Defendant made any employment decisions with discriminatory or retaliatory animus.

24

19. Plaintiff's prior EEOC charge was dismissed, and he did not pursue further action. To the extent the current claims overlap, they may be barred by the doctrines of res judicata and/or collateral estoppel.

20. Plaintiff is not an adequate class representative. His conduct in submitting thousands of applications for positions he was not qualified for using around 100 separate email aliases was abusive and render him an inadequate representative. Moreover, he comes to the Court bearing unclean hands. And his claims are neither common nor typical.

21. Plaintiff failed to pursue legitimate employment opportunities in good faith, including missing scheduled interviews. Thus, in addition to being an inadequate representative, Plaintiff failed to mitigate damages.

22. Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish any nexus between employment decisions made by Defendant and any alleged discriminatory motive or impact.

23. The types of claims alleged by Plaintiff and the types of relief sought by Plaintiff are matters in which individual questions predominate and, accordingly, are not appropriate for class treatment under Fed. R. Civ. P. 23.

24. Certain of the interests of Plaintiff and members of the putative class of persons whom he purports to represent are in conflict with the interests of other

purported members of the putative class, including Plaintiff, and thus certification is not appropriate.

25. Plaintiff has failed to identify a pattern or practice of discrimination against Plaintiff, including, inter alia, a company-wide policy causing the alleged discrimination, the existence of which Defendant expressly denies.

26. Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

27. There is no causal relation between the alleged act of Defendant, and any injury or damage allegedly suffered by Plaintiff.

28. Any claims for injunctive and other prospective equitable relief by Plaintiff are barred because Plaintiff has an adequate and complete remedy at law.

29. There is no causal link between Sirius XM's hiring practices and any alleged racial disparity in hiring outcomes.

30. Defendant has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. Defendant reserves the right to amend or seek to amend its Answer and Defenses, to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiff, and/or the members of the putative class Plaintiff purports to represent, as those claims become known during litigation.

## RELIEF REQUESTED

Defendant respectfully requests that this Court deny Plaintiff the relief requested; dismiss the Complaint in its entirety with prejudice; and award Defendant its costs and attorneys' fees incurred in defending against this action, plus any other relief, legal or equitable, this Court deems appropriate.

Respectfully Submitted,

JACKSON LEWIS P.C.

By: /s/ Allan S. Rubin
   Allan S. Rubin (P44420)
   Courtney A. Woods
   Attorneys for Defendant
   2000 Town Center, Suite 1650
   Southfield, Michigan 48075
   (248) 936-1900
   Allan.rubin@jacksonlewis.com
   courtney.woods@jacksonlewis.com

4937-7822-8863, v. 6

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 6th day of January 2026, he or his assistant did file this document using the CM/ECF system which will send notice to its filing to all counsel of record.

*/s/ Allan S. Rubin*
Allan S. Rubin

4937-7822-8863, v. 6

27